IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2007 MAY 10  A 9:18

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| AMERICAN SOUTHERN INSURANCE CO., | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | CASE NO. 2007- 1:07CV409-wha ) ) |
| SHERRILL CALHOUN, RUBY CALHOUN, SHERRILL CALHOUN d/b/a TRIPLE C CONSTRUCTION | ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

The plaintiff, AMERICAN SOUTHERN INSURANCE, CO., claims against the defendants Sherrill Calhoun, Ruby Calhoun, and Triple C Construction, Inc. as follows:

### PARTIES

1. The plaintiff American Southern Insurance Company ("ASIC") is a corporation organized and existing under the laws of the state of Kansas, with its principal place of business in Topeka, Kansas, which at all times relevant hereto was authorized to and doing business in the state of Alabama.

2. The defendant Sherrill Calhoun, d/b/a Triple C Construction ("TCC") is an adult resident citizen of the State of Alabama.

3. The defendant Sherrill Calhoun ("individual indemnitor") is an adult resident citizen of the state of Alabama.

4. The defendant Ruby Calhoun ("individual indemnitor") is an adult resident citizen of the state of Alabama.

## JURISDICTION AND VENUE

5. Diversity jurisdiction exists in this case pursuant to 28 U.S.C.§1332(a)(1) in that there is complete diversity of citizenship between the plaintiff and all defendants and the amount in controversy in this action exceeds the amount of $75,000.00 exclusive of interest and costs.

6. Venue is proper in the Middle District of Alabama, Southern Division, as a substantial part of the events or omissions giving rise to this claim occurred in Henry County which is in the Middle District, Southern Division of Alabama.

## ALLEGATIONS AS TO ALL COUNTS

7. On January 16, 2004, TCC entered into a contract with the State of Alabama Department of Transportation (hereinafter "ALDOT"), to construct two bridge culverts for federal Aid Project numbers ACGBBRZ-3400 (205) & ACGBBRZ-3400(204) in Henry County, Alabama.

8. The Defendant TCC was required to post Payment & Performance bonds each in the amount of $272,460.10.

9. On or about February 18, 2004, the Plaintiff ASIC issued Payment & Performance bonds in the amount of $272,460.10 each. (Attached hereto as Exhibit "A"), which bonds named TCC as principal, ASIC as Surety, and the ALDOT as obligee.

10. In consideration for the issuance of said bonds, TCC and the individual indemnitors signed a general Agreement of Indemnity (hereinafter "GAI") (attached hereto as Exhibit "B") stating in part:

> The indemnitors agree and bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, to indemnify and save harmless surety from and against any and all liability, loss, costs, damages or expenses of whatever nature or kind and arising out of or in any way connected with such Bonds, including but not limited to fees of attorneys and other expenses, cost and fees of investigation, adjustment of claims, procuring or attempting to procure the discharge of such bonds and attempting to recover losses or expenses from Indemnitors or third parties, whether the Surety shall have paid or incurred same, as aforesaid. The Indemnitors will indemnify the Surety against any and all liability, loss, damages, fees of attorneys, and other expenses which the Surety may sustain or incur by reason of or reliance upon representations made by the Indemnitors regarding defenses available to Principal and/or Surety to claims made against any such bond.

11. On March 16, 2005, ALDOT sent a letter to the surety declaring that TCC was in default for failing to submit plans for removal of unacceptable work, and placing the contract in the Surety's hands for completion.

12. After investigating the claims of ALDOT, ASIC determined, in good faith, that it was or might be liable and that it was necessary and/or expedient for it to undertake

performance of the construction contract and complete the project. ASIC subsequently hired a completion contractor, purchased the necessary materials and supplies and fully performed the construction contract.

13. After giving credit for all contract funds received, ASIC has sustained a net loss of $158,065.01 in completing the project plus interest, costs and attorney's fees.

## COUNT ONE

### Claim for Common Law Indemnity

14. The Plaintiff ASIC reaffirms, realleges, and incorporates herein by reference all previous allegations made in paragraphs 1 through 13.

15. The plaintiff ASIC, as surety, having sustained a loss under its bond is entitled, under the common law of suretyship of the state of Alabama, to full and complete indemnity from its principal Sherrill Calhoun, d/b/a TCC.

WHEREFORE, the plaintiff ASIC demands judgment against the defendant Sherrill Calhoun, d/b/a TCC for the sum of $158,065.01 plus interest, costs and attorney's fees.

## COUNT TWO

### Claim for Statutory Indemnity

16. The plaintiff ASIC reaffirms, realleges and incorporates herein by reference the allegations made in paragraphs 1 through 15 of its Complaint as if fully set forth herein.

17. The Surety, ASIC, having performed the contract, completed the project, and sustained a loss under its bond, is entitled to be substituted for the creditor (ALDOT) and is

subrogated to all its rights and remedies against Sherill Calhoun, d/b/a TCC pursuant to Alabama Statute §8-3-2 and §8-3-5.

WHEREFORE, the plaintiff ASIC demands judgment against Sherill Calhoun, d/b/a TCC in the amount of $158,065.01 plus interest, costs and attorney's fees.

## COUNT THREE

### Claim for Contractual Indemnity

18. The plaintiff ASIC reaffirms, realleges and incorporates herein by reference the allegations made in paragraphs 1 through 17 of its Complaint as if fully set forth herein.

19. The Surety, ASIC, having fulfilled its obligations under its bond by performing and completing the Project, and having sustained a loss and incurred expenses and attorney's fees, is entitled to full and complete indemnity pursuant to the GAI signed by Sherill Calhoun, d/b/a TCC, and the Individual Indemnitors for all of its loss, costs, expenses, and attorney's fees.

20. ASIC has incurred and will continue to incur costs, expenses and attorneys' fees in and about the investigation and satisfaction of the claim of the ALDOT and in pursuing this action to enforce the terms and conditions of the GAI.

WHEREFORE, the plaintiff ASIC demands judgment against Sherill Calhoun, d/b/a TCC, Sherrill Calhoun and Ruby Calhoun in the amount of $158,065.01 plus interest, costs and attorney's fees.

WRIGHT, GREEN, P.C.
Attorneys for Plaintiff,
AMERICAN SOUTHERN INSURANCE COMPANY

BY: _____
JAMES P. GREEN    (GREEJ8808)
Post Office Box 16818
Mobile, Alabama 36616-0818
(251) 344-7744
jimgreen@wrightgreen.com


**DEFENDANTS TO BE SERVED**
**BY CERTIFIED MAIL AS FOLLOWS:**

Sherrill Calhoun
4410 County Rd. 6636
Banks, AL 36005

Ruby Calhoun
4410 County Rd. 6636
Banks, AL 36005

Sherrill Calhoun, d/b/a Triple C Construction
Rt. 1 Box 63
Banks, AL 36005

# BOND FOR PAYMENT

## OF LABOR, MATERIALS, FEED-STUFFS OR SUPPLIES

STATE OF ALABAMA
MONTGOMERY COUNTY

KNOW ALL MEN BY THESE PRESENTS: That we TRIPLE C. CONSTRUCTION OF BANKS, ALABAMA as Principal,

and, _American Southern Ins. Company_ as Surety, are held and firmly bound unto the State of Alabama, in the penal sum of TWO HUNDRED SEVENTY TWO THOUSAND FOUR HUNDRED SIXTY & 10/100 Dollars ($272,460.10), for the payment of which sum, well and truly to be made, we hereby bind ourselves, our heirs, executors, administrators, successors and assigns.

IN WITNESS WHEREOF, we have hereunto set our hands and affixed our seals this _18th_ day of _February_, 20 _04_.

PROVIDED, HOWEVER, that the condition of this obligation is such that whereas the above bound TRIPLE C. CONSTRUCTION have this day entered into a Contract with the said STATE OF ALABAMA, for constructing the BRIDGE REPLACEMENTS (2 BRIDGE CULVERTS) of 0.021 MILE of road in HENRY COUNTY, known as FEDERAL AID, Project Nos. ACGBBRZ-3400(205) & ACGBBRZ-3400(204), located ON CR-#66 AT WARD CREEK NORTHEAST OF NEWVILLE AND ON CR-#90 AT CAT BRANCH CREEK NORTH OF ABBEVILLE, a copy of which said Contract is hereto attached.

NOW, THEREFORE, in the event that said TRIPLE C. CONSTRUCTION as such Contractor shall promptly make payment to all persons supplying him or them with labor, material, feed-stuffs, or supplies for or in the prosecution of the Work provided for in said Contract, that this obligation shall be null and void and of no effect, otherwise to remain and be in full force and effect.

PROVIDED, further, in the event that the said TRIPLE C. CONSTRUCTION, as such Contractor shall fail to make prompt payment to all persons supplying him or them with labor, materials, feed-stuffs, or supplies for or in the prosecution of the work

provided for in such Contract, the above bound _____

_American Southern Ins. Company_ as Surety shall be liable for the payment of such labor, materials, feed-stuffs or supplies and for the payment of reasonable attorney's fees incurred by successful claimants or plaintiffs in suits on said bond as provided in Section 39-1-1, Code of Alabama, 1975, as amended.


EXHIBIT A

PAGE TWO OF PAYMENT OF LABOR, MATERIALS, FEED-STUFFS OR SUPPLIES

PROVIDED, FURTHER, that said Contractor and Surety hereby agree and bind themselves to the mode of service described in Section 39-1-1, Code of Alabama, as amended, and consent that such service shall be the same as personal service on said Contractor or Surety.

UPON the completion of said Contract pursuant to its terms, if any funds remain due on said Contract, the same shall be paid to said Principal or Surety.

The decision of said Alabama Department of Transportation Director upon any question connected with the execution of said Contract, or any failure or delay in the prosecution of the Work by said Principal or Surety, shall be final and conclusive.

The Proposal, Specifications and the Contract herein before referred to, and the Bond For Performance Of The Work executed under the provisions of Section 39-1-1, Code of Alabama, 1975, are made a part of this obligation, and this instrument is to be construed in connection therewith.

WITNESS our hands and seals, this _18th_ day of _February_ 20 _04_

_Lisa C. Culpepper_ (L.S.)          _[signature]_ (L.S.)
WITNESS                              CONTRACTOR' SIGNATURE

                                     _Owner_
                                     TITLE

                                     _Triple C Construction_
                                     NAME OF FIRM

American Southern Insurance Co.      _4410 CR 636 Banks, AL. 36005_
NAME OF SURETY                       ADDRESS

BY: _[signature]_
ATTORNEY-IN-FACT
Scott E. Stoltzner

                                     NOTICE TO INSURANCE PRODUCER
                                     Please print or write legibly your name
                                     and complete address below, including
                                     PRODUCER'S COMPANY

Countersigned by Alabama Licensed    _Palomar Ins Corp_
Insurance Producer for Surety, if
Applicable                           _PO Box 1128_

_Scott E. Stoltzner  A208551_        _Monty AL 36111_
NAME AND LICENSE NUMBER

_3075 Crossings Dr_                  _Tracey Davis_
ADDRESS                              PRODUCER'S COMPANY
_B'ham  AL  35242_

## BOND OR PERFORMANCE OF THE WORK

STATE OF ALABAMA
MONTGOMERY COUNTY

  KNOW ALL MEN BY THESE PRESENTS: That we TRIPLE C. CONSTRUCTION OF BANKS, ALABAMA, as Principal and _American Southern Ins. Co._, as Surety, are held and firmly bound unto the State of Alabama, in the penal sum of TWO HUNDRED SEVENTY TWO THOUSAND FOUR HUNDRED SIXTY & 10/100 Dollars, for the payment of which well and truly to be made, we hereby bind ourselves, our heirs, executors, administrators, successors and assigns.

  IN WITNESS WHEREOF, we have hereunto set our hands and affixed our seals, this _18th_ day of _February_, 20 _04_.

  PROVIDED, HOWEVER, that the condition of this obligation is such that whereas the above bound TRIPLE C. CONSTRUCTION have this day entered into a Contract with the said State of Alabama, for constructing the BRIDGE REPLACEMENTS (2 BRIDGE CULVERTS) of 0.021 MILE of road in HENRY COUNTY to-wit: known as FEDERAL AID Project Nos. ACGBBRZ-3400(205) & ACGBBRZ-3400(204), located ON CR-#66 AT WARD CREEK NORTHEAST OF NEWVILLE AND ON CR-#90 AT CAT BRANCH CREEK NORTH OF ABBEVILLE, a copy of which said Contract is hereto attached.

  NOW, THEREFORE, In the event the said TRIPLE C. CONSTRUCTION as such Contractor shall faithfully and promptly perform said contract and all the conditions and requirements thereof, then this obligation shall be null and void and of no effect, otherwise to remain and be in full force and effect.

  PROVIDED, further, that upon the failure of the said TRIPLE C. CONSTRUCTION to promptly and efficiently prosecute said work, in any respect, in accordance with the contract, the above bound

_American Southern Ins. Co._
as surety, shall take charge of said work and complete the contract at their own expense, pursuant to its terms, receiving, however, any balance of the funds in the hands of said State due under said contract. Said Surety may, if they so elect, by written direction given to the Alabama Department of Transportation Director authorize the Alabama Department of Transportation Director to advertise for bids to complete the said contract at the expense of said Surety, and such Surety hereby agree and bind themselves to pay the expense of the completion of such work, less any funds in the hands of the State remaining due to above bound Contractor.

  In the event said Principal shall fail or delay the prosecution and completion of said work and said Surety shall also fail to act promptly as herein before provided, then said Alabama Department of Transportation Director may cause ten days notice of such failure to be given, either to said Principal or Surety and at the expiration of said ten days,

PAGE TWO OF BOND FOR PERFORMANCE OF THE WORK

if said Principal or Surety does not proceed promptly to execute said contract, the State of Alabama shall have the authority to cause said work to be done, and when the same is completed and the cost thereof estimated, the said principal and sureties shall and hereby agree to pay any excess in the cost of said work above the agreed price to be paid under said contract.

Upon the completion of said Contract pursuant to its terms, if any funds remain due on said Contract, the same shall be paid to said Principal or Surety.

The said Principal and Surety further agree as part of this obligation to pay all such damages of any kind to person or property that may result from a failure in any respect to perform and complete said Contract.

The decision of said Alabama Department of Transportation Director upon any question connected with the execution of said Contract, or any failure or delay in the prosecution of the Work by said Principal or Surety, shall be final and conclusive.

The Proposal, Specifications and the Contract, herein before referred to, and the Bond for the Payment of Labor, Materials, Feed-stuffs or Supplies executed under the provisions of Section 39-1-1, Code of Alabama 1975, as amended are made a part of this obligation, and this instrument is to be construed in connection therewith.

Witness our hands and seals, this 18th day of February, 20 04.

_Lisa C. Culpepper_ (L.S.)        _[signature]_ (L.S.)
WITNESS                             CONTRACTOR'S SIGNATURE

                                    Owner
                                    TITLE

                                    Triple C Construction
                                    LEGAL NAME OF CONTRACTOR

American Southern Insurance Co.     4410 CR 6636 Banks, AL 36005
NAME OF SURETY                      ADDRESS

BY: _[signature]_                   NOTICE TO INSURANCE PRODUCER
ATTORNEY-IN-FACT                    Please print or write legibly your name and
Scott E. Stoltzner                  complete address below including
                                    PRODUCER'S COMPANY

Countersigned by Alabama Licensed
Insurance Producer for Surety, if   Palomar Ins. Corporation
Applicable

Scott E. Stoltzner A208551          PO Box 11128
NAME AND LICENSE NUMBER

3075 Crossings Dr.                  Montg AL 36111
ADDRESS                             PRODUCER'S COMPANY
B'ham AL 35242

# AMERICAN SOUTHERN INSURANCE COMPANY

**Home Office:** 200 S.W. 30th Street
Topeka, Kansas 66611

**Mailing Address:** 3715 Northside Pkwy, NW
Bldg 400, Ste 800
Atlanta, Georgia 30327

## GENERAL POWER OF ATTORNEY

Know all men by these Presents, that the American Southern Insurance Company had made, constituted and appointed, and by these presents does make, constitute and appoint Scott E. Stoltzner of Hoover, Alabama; Arthur S. Johnson of Atlanta, Georgia; Lenora N. Cape of Gainesville, Georgia; Mary F. Holland of Chamblee, Georgia; or Donald H. Gibbs of Atlanta, Georgia, EACH as its true and lawful attorney for it and its name, place and stead to execute on behalf of the said company, as surety, bonds, undertakings and contracts of suretyship to be given to all obligees provided that no bond or undertaking or contract of suretyship executed under this authority shall exceed in amount of the sum of $750,000 (seven hundred fifty thousand dollars).

This Power of Attorney is granted and is signed and sealed by facsimile under and by the authority of the following Resolution adopted pursuant to due authorization by the Executive Committee of the Board of Directors of the American Southern Insurance Company on the 26th day of May, 1998:

RESOLVED, that the Chairman, President or any Vice President of the Company be, and that each or any of them hereby is, authorized to execute Powers of Attorney qualifying the attorney named in the given Power of Attorney to execute in behalf of the American Southern Insurance Company bonds, undertakings and all contracts of suretyship; and that any Secretary or any Assistant Secretary be, and that each or any of them hereby is, authorized to attest the execution of any such Power of Attorney, and to attach thereto the seal of the Company.

FURTHER RESOLVED, that the signature of such officers and the seal of the Company may be affixed to any such Power of Attorney or to any certificate relating thereto by facsimile, and any such Power of Attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company when so affixed and in the future, with respect to any bond undertaking or contract of suretyship to which it is attached.

In Witness Whereof, the American Southern Insurance Company has caused its official seal to be hereto affixed, and these presents to be signed by its President and attested by its Secretary this __29th__ day of __January__, 20__04__.

Attest:

_Gail A. Lee_
Gail A. Lee, Secretary

American Southern Insurance Company

By: _Scott G. Thompson_
Scott G. Thompson, President

STATE OF GEORGIA
                        SS:
COUNTY OF FULTON

On this __29th__ day of __January__, 20__04__, before me personally came Scott G. Thompson to me known, who being by me duly sworn, did depose and say that he resides in Atlanta, in the County of Fulton, State of Georgia, at 421 Hollydale Court; that he is the President of American Southern Insurance Company, the corporation described in and which executed the above instrument; that he knows the seal of the said corporation; that the seal affixed to the said instrument is such corporate seal; that it was so affixed and that he signed his name thereto pursuant to due authorization.

_Lori M. Pullen_
Lori M. Pullen
Notary Public, State of Georgia
Qualified in Cobb County
Commission Expires September 7, 2006

STATE OF GEORGIA
                        SS:
COUNTY OF FULTON

I, the undersigned, a Vice President of American Southern Insurance Company, a Kansas Corporation, DO HEREBY CERTIFY that the foregoing and attached Power of Attorney remains in full force and has not been revoked; and, furthermore, that the Resolution of the Executive Committee of the Board of Directors set forth in the Power of Attorney is now in force.

Signed and sealed at the City of Atlanta, Dated the __18th__ day of __February__ 20__04__

_John R. Huot_
John R. Huot
Vice President

Number    4118

*ERICAN SOUTHERN INSURANCE COMPAN*
Atlanta, Georgia

**GENERAL AGREEMENT OF INDEMNITY**

KNOW ALL MEN BY THESE PRESENTS, that whereas the undersigned (hereinafter referred to as "Indemnitors") have requested and do hereby request the American Southern Insurance Company (hereinafter referred to as "Surety") to execute, procure the execution of such bonds, undertakings or recognizances (all of which are hereafter included within the term "Bond or Bonds") as have been and such as may hereafter be applied for directly or through an agent, attorney or other representative on behalf of <u>Sherrill Calhoun D/B/A Triple C Construction</u>

(hereinafter referred to as "Principal"); and, whereas, the undersigned understand that the Surety expressly requires the delivery of this Indemnity Agreement as part of the consideration for the execution by the Surety of such Bonds which may hereafter be furnished, or for the refraining from canceling said Bonds;

NOW, THEREFORE, in consideration of the premises and of other good and valuable consideration, Indemnitors, for themselves, their heirs, executors, administrators, successors and assigns, do hereby jointly and severally covenant and agree with the Surety, its successors and assigns, as follows:

**1. DEFINITIONS**

The following definitions apply in this Agreement:
*Bond* - Any contractual obligation undertaken by the Surety or Principal as principal, joint venturer or in any other capacity, before or after the date of this Agreement, and any renewal or extension of said obligation.
*Principal* - The person or entity set forth above or any one or combination thereof, or their successors in interest, whether alone or in joint venture with others named herein or not.
*Surety* – American Southern Insurance Company, its reinsurers, and any other person or entity which the Surety may procure to act as surety or co-surety on any Bond or any other person or entity who executes any Bond at its request.
*Contract* – Any Agreement of Principal, the performance of which is bonded by Surety.

**2. INDEMNITY**

The Indemnitors will pay, when due, all premiums for each of such Bonds in accordance with the Surety's regular rates in effect on the date such Bonds becomes effective, as long as liability thereunder shall continue, and until the Surety is furnished with evidence satisfactory to the Surety of its discharge or release from the Bonds, or of all liability by reason thereof. The Indemnitors agree and bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, to indemnify and save harmless Surety from and against any and all liability, loss, costs, damages or expenses of whatever nature or kind and arising out of or in any way connected with such Bonds, including but not limited to fees of attorneys and other expenses, cost and fees of investigation, adjustment of claims, procuring or attempting to procure the discharge of such bonds and attempting to recover losses or expenses from Indemnitors or third parties, whether the Surety shall have paid or incurred same, as aforesaid. The Indemnitors will indemnify the Surety against any and all liability, loss, damages, fees of attorneys, and other expenses which the Surety may sustain or incur by reason of or reliance upon representations made by the Indemnitors regarding defenses available to Principal and/or Surety to claims made against any such Bonds. In furtherance of such indemnity:

A. Surety shall have the right in its sole discretion to determine whether any suits or claims shall be paid, compromised, defended, prosecuted or appealed and to pay out such sums as it deems necessary to accomplish any of those purposes and its determination as to whether such suit or claim should be settled or defended shall be binding and conclusive on Indemnitors. Surety shall have the right to incur such expenses in handling a claim as it shall deem necessary, including but not limited to the expense for investigative, accounting, engineering and legal services. Surety shall have the foregoing rights, irrespective of the fact that Indemnitors may have assumed, or offered to assume, the defense of Surety upon such claim. In any claim or suit hereunder, an itemized statement of aforesaid loss and expense, sworn to by an officer or agent of Surety, or the vouchers or other evidence of disbursement by Surety, shall be prima facie evidence of the fact and extent of the liability hereunder of Indemnitors.
B. Surety shall have the right to reimbursement of its expenses, premiums and attorneys' fees hereunder, irrespective of whether any Bond loss payment has been made by Surety. If the Surety has cause to enforce the terms of this Indemnity Agreement by filing suit against Indemnitors to recover sums due under this Agreement, it is understood by the Principal and Indemnitors that the Surety may recover its further expenses of such litigation, accrued interest and including 25% of such sums as attorneys' fees. Any debt accrued by the Surety, on behalf of Principal and Indemnitors will accrue interest at 12% per annum.
C. Surety shall have the right, and is hereby authorized, but not required, to defend in the name of Principal, or in the name of Principal to adjust, settle or compromise any claim demand, suit or judgment upon any of said Bonds unless Indemnitors shall, in writing, request Surety to litigate such claim or demand, or to defend such suit, or to appeal from such judgment, or otherwise to resist any such, and shall, as a condition precedent, first deposit with Surety satisfactory collateral sufficient to pay on a current basis all expenses of such litigation, defense or appeal, including attorneys' fees, and to pay any judgment or judgments rendered or that may be rendered, plus interest, costs, expenses and attorneys' fees thereon. In any event, the provisions of the following paragraph will apply.
D. If Surety shall deem itself insecure or be required to or shall in its sole discretion deem it necessary to pay for or to set up a reserve in any amount to cover any actual, contingent or potential claim or claims, loss, costs, attorneys' fees or other expenses of any kind under or because of any Bonds executed by or for any Principal, or for any reason whatsoever shall find it necessary to pay the costs to defend, settle, compromise or adjust any such claims, including attorneys' fees. Indemnitors will immediately, upon demand, deposit with Surety funds in the amount of such reserve and any increase thereof, such funds to be held by Surety as collateral, or in the amount of such payments to be used by Surety in the payment, settlement, compromise or adjusting of any such claims, including any attorneys' fees, costs or expenses related thereto or the amount of such payments to be retained by Surety as reimbursement therefore. Surety shall have no obligation to invest, or to provide a return on, the deposit.
E. Surety shall have the right, but not the duty, to defend or to intervene, in the name of Principal, in any action at law or in equity brought by any party in which the allegation is made, either expressly or implied, that Principal has failed to perform any contract or other duties or obligations, the performance of which are secured by any Bond covered by this Agreement. In such event, the provisions of the previous paragraph will also apply.
F. The Principal agrees and hereby expressly declares that all funds due or to become due under any Contract covered by a Bond are trust funds, whether in the possession of the Principal or another, for the benefit and payment of all persons to whom the Principal incurs obligations in the performance of such Contract, for which the Surety would be liable under the Bond. If the Surety discharges any such obligation, it shall be entitled to assert the claim of such person to the trust funds. Principal shall, upon demand of the Surety and in implementation of said trust, set up a separate account, which account or accounts shall be designated as a trust account or accounts for the deposit of such trust funds, and shall deposit therein all monies received pursuant to said contract or contracts. Withdrawals from such account shall be by check or similar instrument signed by the Principal and countersigned by the representative of the Surety. Said trust or trusts shall terminate on the payment by Principal of all the contractual obligations for the payment of which the trust or trusts are hereby created, upon the expiration of 20 years from the date hereof, whichever shall first occur. The Principal agrees and hereby expressly declares that title to all mate ordered or fabricated for any contract covered by a Bond shall be held in trust for the benefit of the owner of the improvement being shall be subject to the direction of owner and Surety.

Original In Fireproof Cabinet        ASIC

**EXHIBIT B**

**INSTRUCTIONS**

1. If Proprietorship, applicant and spouse sign as Principals. 2. If Partnership, partners sign and spouses sign as Indemnitors. 3. If Corporation, two authorized officers sign. All owners and spouses must also sign as individual indemnitors, Corporate resolution to be attached. The undersigned hereby expressly waive any notice of the *acceptance of* this Agreement by Surety.

PRINCIPAL-INDEMNITOR(S) Sherrill Calhoun      CORPORATE SEAL      EIN #

Firm Name D/B/A Triple C Construction

BY _Sherrill Calhoun_ (Signature and Title)     Sherrill Calhoun (Print Name and Title)

BY _____ Signature and Title _____ Print Name and Title

BY _____ Signature and Title _____ Print Name and Title

BY _____ Signature and Title _____ Print Name and Title

**INDIVIDUAL INDEMNITORS**

Signature _Sherrill Cal___       Signature _Ruby Calhoun_
Business Address Sherrill Calhoun     Business Address Ruby Calhoun
Rt. 1 Box 63, Banks, AL 36005
Telephone 334-243-5174             Telephone _____
Residence Address 4410 Cty. Rd 6636, Banks, AL 36005    Residence Address 4410 Cty. Rd 6636, Banks, AL
Telephone _____                   Telephone _____
SS # 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                   SS # 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

Signature _____                   Signature _____
Business Address _____            Business Address _____
Telephone _____                   Telephone _____
Residence Address _____           Residence Address _____
Telephone _____                   Telephone _____
SS # _____                        SS # _____

STATE OF _Alabama_
COUNTY OF _Pike_            } ss.:   (Stamp & Seal)

On this _1st_ day of _March_, 200_4_, before me personally came _Sherrill Calhoun_,
to me known and known to me to be the person described in and who executed the foregoing instrument, and he thereupon duly acknowledged to me that he executed the same.

_Jeanne Garrett_
Notary Public                                                                    *Individual Acknowledgement*

STATE OF _Alabama_
COUNTY OF _Pike_            } ss.:   (Stamp & Seal)

On this _1st_ day of _March_, 200_4_, before me personally came _Ruby Calhoun_,
to me known and known to me to be the person described in and who executed the foregoing instrument, and he thereupon duly acknowledged to me that he executed the same.

_Jeanne Garrett_
Notary Public                                                                    *Individual Acknowledgement*

STATE OF _____
COUNTY OF _____           } ss.:   (Stamp & Seal)

On this _____ day of _____, 200 ___, before me personally appeared _____,
to me known, who being by me duly sworn, did depose and say: that he resided at _____,
that he is the _____ of _____
the corporation described in and which executed the foregoing instrument; that he knew the seal of said corporation; that the seal affixed to said instrument was such corporate seal; that it was affixed by order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

_____
Notary Public                                                                    *Corporate Acknowledgement*

STATE OF _____
COUNTY OF _____           } ss.:   (Stamp & Seal)

On this _____ day of _____, 200 ___, before me personally appeared _____,
to me known and known to me to be one of the firm of _____
described in and who executed the foregoing instrument, and he thereupon acknowledged to me that he executed the same as and for the act and deed of said firm.

FORM NO. IF SOS-ES
_____
Notary Public                                                                    *Firm Acknowledgement*